**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JAMES PAUL DAHL, #72584**                                                         **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 1:09cv298-HSO-JMR**

**RON KING**                                                                        **RESPONDENT**

**REPORT & RECOMMENDATIONS**

This matter comes before the Court pursuant to Petitioner's Re-Newed [sic] Motion [42-1] for Leave of the Court to Allow, and Direct, a Full Discovery filed on June 20, 2011. Respondent has not filed a response in opposition. Having considered the Petitioner's Motion [26-1], along with the entire record and the applicable law, this Court finds that it is not well-taken and should be denied.

On October 1, 2009, Dahl entered a "Motion for Leave Of Court To Invoke Discovery Under Rule 6(a) Of The Rules Governing Section 2254 Cases" that, in part, sought discovery in support of this *Batson* claim. (*See* Pet'n Motion [16-1]). After careful consideration, this Court, in its Order [19-1] denied Dahl's request as failing to meet the standards of § 2254(e)(2). Dahl filed an Objection [20-1] with the District Court. The District Court, in its Order Overruling Petitioner's Objection To Magistrate Order [28-1], denied Dahl's Objection [201-]. Dahl then filed a Motion for Reconsideration And/Or Request for Certificate of Appeal [32-1]. Dahl's Motion [32-1] was denied by the District Court in its Order [34-1]. Thereafter, Dahl filed a Petition Requesting Permission To Appeal Pursuant To F.R.A.P. Rule 5(a)(3) [38-1] which was dismissed in a per curiam order by the Fifth Circuit [40-1] for lack of jurisdiction over the appeal.

Section 2255 of Title 28 of the United States Code controls whether an evidentiary hearing is required in this case. The statute provides that no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." However, "bare, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n. 2 (5th Cir.1983); United States v. Auten, 632 F.2d 478, 480 (5th Cir.1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing). Dahl alleges no new facts to support his claim for an evidentiary hearing. As this issue has been decided by this Court, the District Court and the Fifth Circuit Court of Appeals, without any new facts, an evidentiary hearing is still unnecessary. The matters reviewed by the Court conclusively show that movant is entitled to no relief.

## **CONCLUSION**

Based on the forgoing analysis, this Court finds that the Petitioner's Motion [42-1] for Leave of the Court to Allow, and Direct, a Full Discovery should be denied.  In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the district Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the __9th__ day of September, 2011.

                                                         *s/ John M. Roper, Sr.*
                                    CHIEF UNITED STATES MAGISTRATE JUDGE