**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JAMES PAUL DAHL, #72584**                                          **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 1:09-cv-298HSO-JMR**

**RON KING**                                                              **RESPONDENT**

**ORDER OVERRULING PETITIONER'S OBJECTION,
ADOPTING REPORT AND RECOMMENDATIONS, AND
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

This cause comes before the Court on Petitioner James Paul Dahl's Objection [51] to the Report and Recommendations [48] of Chief Magistrate Judge John M. Roper entered in this cause on September 9, 2011. Magistrate Judge Roper reviewed Petitioner James Paul Dahl's Petition [1] for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and related pleadings, and determined that the Petition [1] should be denied. After review of the record, the Court, being fully advised in the premises, finds that Petitioner's Objection should be overruled, and that said Report and Recommendations [48] should be adopted as the opinion of this Court.

### I. LEGAL STANDARD

Because an Objection has been filed to the Magistrate's Report and Recommendations, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (a party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made"). The Court is not required,

however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections which are frivolous, conclusive, or general in nature, *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). Where, however, a party fails to file specific objections to a magistrate judge's rulings, the district court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

After a thorough and exhaustive de novo review, the Court finds that the Magistrate Judge's Report and Recommendations are well reasoned, and correctly find the applicable facts and apply the governing legal standards. To the extent that Petitioner raises new or additional factual allegations, they are insufficient to warrant habeas relief.

## II. DISCUSSION

The majority of Petitioner's Objection is a rehashing of facts and arguments which he presented in his Petition, and which were considered by the Magistrate. The only new argument advanced by Petitioner in his Objection pertains to Ground Two of his Petition. Petitioner's contention in Ground Two is that the verdict was against the overwhelming weight of the evidence. The Magistrate found this claim procedurally barred. Rep. and Rec. at p. 14. Petitioner now argues that a procedural bar should be avoided on grounds that "new evidence show[s] he is factually innocent of the charged crime" of capital murder.[1] Obj. at p. 6.

---

[1] Following a jury trial, Dahl was convicted on two counts of capital murder.

> [T]he fundamental miscarriage of justice exception [to a procedural bar] is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995); *see also Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998) (following *Ward* in declining to apply the fundamental miscarriage standard because petitioner failed to allege actual innocence). To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilty by another, trustworthy eyewitness accounts, and certain physical evidence. *See id.* at 324 . . . .

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

Petitioner refers the Court to the Statement of Paul Malone, which recounts a version of the facts surrounding the murder of Harold Neal. Malone Statement, attached as Ex. "B" to Obj. The Statement reflects that Eddie Hogancamp, who was Petitioner's co-defendant and who pled guilty, told Malone that a "black guy" came to his houseboat to buy drugs and put a gun to his head, and that he killed the "black guy" in self-defense by hitting him with a baseball bat. *Id.* The Statement also recounts that there was a witness to this incident. *Id.* Petitioner contends that "Mr. Malones [sic] Statement stating Dahl was only a witness factually shows Dahl cannot be guilty of capital murder being Dahl was only a scared witness to the murders." Obj. at p. 6.

Petitioner has not satisfied his burden of demonstrating his actual innocence. The proffered evidence is neither reliable nor sufficiently exculpatory to show that it is more likely than not that no reasonable juror would have convicted Petitioner.

The Statement contradicts both Hogancamp's testimony and the medical evidence at trial that Neal died from a gunshot wound. The Statement is silent as to the identity of the witness, and it does not reflect the presence of Cheryl Sellers at the crime scene. Moreover, Hogancamp confessed to murdering both Neal and Sellers, and it is not disputed that Petitioner was a witness to the murders. Finally, Petitioner's counsel questioned Hogancamp at the trial of this matter on the substance of the Statement. S.C.R., Vol. 6, p. 572-73.

To the extent Petitioner argues that the failure to call Malone as a witness serves as a basis for an ineffective assistance of counsel claim, this argument fails. To succeed on a charge of ineffective assistance of counsel, a petitioner must demonstrate both that (1) counsel's performance was deficient and (2) counsel's deficient performance caused actual prejudice to the petitioner's defense. *Richards v. Quarterman*, 566 F.3d 553 (5th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Counsel's performance here was neither deficient, nor did it cause actual prejudice to Petitioner's defense. While counsel did not procure Malone's testimony at trial, "complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). The Court is not persuaded that Malone's testimony would have aided Petitioner's defense. Moreover, Petitioner's counsel cross-examined Hogancamp on the substance of Malone's Statement, S.C.R., Vol. 6, p. 572-73, and any failure to

procure Malone's live testimony was not prejudicial.

### III. CONCLUSION

For the reasons stated herein, the Court will overrule Petitioner's Objection [51] and adopt the Magistrate Judge's Report and Recommendations [48] as the opinion of this Court. Petitioner James Paul Dahl's Petition [1] for Writ of Habeas Corpus will be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner's Objection [51] filed in this cause is **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendations [48] of Chief Magistrate Judge John M. Roper are adopted in their entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Petition [1] for Writ of Habeas Corpus filed by Petitioner James Paul Dahl, pursuant to 28 U.S.C. § 2254, should be and hereby is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered herein in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 29th day of March, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE